**Venable LLP**

BY:   Ari Karen, Esq.                          ATTORNEYS FOR Defendants
BAR NO. 458963
PHONE: (202) 344-4649
EMAIL: akaren@venable.com

Trevor S. Blake, Esq.
BAR NO. 974319
PHONE: (202) 344-4000
EMAIL: tsblake@venable.com

575 SEVENTH STREET, NW
WASHINGTON, DC 20004

| | |
|---|---|
| KAREN VATEL,<br><br>    *Plaintiff,*<br><br>        vs.<br><br>ALLIANCE OF AUTOMOBILE<br>MANUFACTURERS, INC.<br>1401 I Street, N.W.<br>Suite 900<br>Washington, D.C. 20005,<br><br>and<br><br>DAVID K. MCCURDY,<br>1401 I Street, N.W.<br>Suite 900<br>Washington, D.C. 20005,<br>As Chief Executive Officer and President of<br>the Alliance of Automobile Manufacturers,<br>and Individually.<br><br>    *Defendants.* | **IN THE UNITED STATES DISTRICT COURT<br>FOR THE<br>DISTRICT OF COLUMBIA**<br><br>CIVIL ACTION NO. _____<br><br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Alliance of Automobile Manufacturers, Inc. and David K. McCurdy ("Defendants") hereby note the removal of the action filed in the Superior Court of the District of Columbia, sited in the District of Columbia, Civil Case No. 2008 CA 000920 B to the United States District Court for the District of Columbia.  In support of, Defendants state as follows.

1.      On or about March 3, 2008, the Alliance of Automobile Manufacturers, Inc. and David K. McCurdy received service of Plaintiff's Verified Complaint and First Amended Verified Complaint, copies of which are attached hereto as Exhibit 1.

2.      The above-referenced action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, because of diversity of citizenship of the parties. Accordingly, pursuant to 28 U.S.C. §§ 1441 *et seq.* this action may be removed.

3.      There is complete diversity of citizenship of the parties, as Plaintiff is a resident of Maryland, Defendant David K. McCurdy is a resident of Virginia, and Defendant Alliance of Automobile Manufacturers, Inc. is incorporated in and has its principal place of business in the District of Columbia.

4.      The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff, in her First Amended Verified Complaint, seeks compensatory damages from Defendants in the combined amount of $1,000,000.00.

5.      As required by 28 U.S.C. § 1446 (a), true and correct copies "of all process, pleadings, and orders served upon" Defendants in the State Court lawsuit that is being removed, as of the date of this filing, are being filed with this Notice of Removal.  Such process, pleadings, and orders are attached hereto as Exhibit 2.

6.      Defendants reserve the right to amend or supplement this Notice of Removal.

7.    Defendants expressly reserve all defenses, including, deficient service of process and lack of jurisdiction.

8.    All Defendants consent to and request the removal of this action.


WHEREFORE, Defendants Alliance of Automobile Manufacturers, Inc. and David K. McCurdy pray that this action be removed to this Court.


DATED this 18th day of March 2008.                Respectfully submitted,

                                                  VENABLE LLP

                                                  Trevor S. Blake, II
                                                  Bar No. 974319
                                                  Phone: (202) 344-4000
                                                  Email: tsblake@venable.com

                                                  Ari Karen
                                                  Bar No. 458963
                                                  Phone: (202) 344-4649
                                                  Email: akaren@venable.com

                                                  575 7th Street, NW
                                                  Washington, DC 20004

                                                  *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Trevor S. Blake, II, hereby certify that on this 18th day of March 2008, a true and correct copy of the foregoing **Notice of Removal of Civil Action** has been served, via first-class U.S. Mail with postage prepaid, upon Plaintiff's counsel identified below:

> Megins S. Skolnick
> 1625 Massachusetts Ave., N.W.
> Suite 500
> Washington, D.C. 20036

Dated this 18th day of March 2008.

Trevor S. Blake, II

# EXHIBIT 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

**KAREN VATEL**
8305 Spruce Hill Drive
Laurel, MD 20726

     **Plaintiff,**

     v.

**ALLIANCE OF AUTOMOBILE
MANUFACTURERS**
1401 I Street NW – Suite 900
Washington, DC 20005,

**and**

**DAVID K. McCURDY**
846 Centrillion Drive
McLean, VA 22102-1446,
in his official and individual capacities,

     **Defendants.**

Case no. 2008 CA 000920 B

Judge Odessa F. Vincent

**JURY TRIAL DEMANDED**

> **RECEIVED**
> **Civil Clerk's Office**
> **FEB 2 7 2008**
> Superior Court of the
> District of Columbia
> Washington, D.C.

## FIRST AMENDED VERIFIED COMPLAINT
### (SEX AND RACE DISCRIMINATION)

Plaintiff Karen Vatel, through counsel, brings this action against Defendants, Alliance of Automobile Manufacturers (AAM) and David Keith McCurdy, CEO and President of AAM, to recover compensatory and punitive damages and reasonable attorney's fees and costs for sex and race discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.01 and 2-1402.11(a)(1) (2007).

### I. PARTIES.

1.    Karen Vatel is a citizen and resident of Maryland, residing at 8305 Spruce Mill Drive, Laurel, MD 20726.

)                                          )

2.    AAM is a trade organization for car manufacturers. The organization is located at 1401 I
      Street, NW, Suite 900, Washington, D.C. 20005.

3.    David K. McCurdy is a citizen and resident of Virginia, residing at 846 Centrillion Drive,
      McLean, VA 22102-1446. Mr. McCurdy is CEO and President of AAM. Ms. Vatel sues
      Mr. McCurdy in his official and individual capacities.

## II. JURISDICTION AND VENUE.

4.    This Court has jurisdiction pursuant to D.C. Code § D.C. Code Ann. § 11-921 (2007).

5.    Venue is proper with this Court as the acts and/or omissions at issue occurred within the
      District of Columbia.

## III. FACTS.

6.    Former president and CEO Fred Webber of AAM hired Ms. Vatel as an executive
      assistant on June 26, 2006.

7.    Ms. Vatel is an African-American female.

8.    Other than Ms. Vatel, all other African-American employees are support staff.

9.    Richard López, a Hispanic male, is the only minority working at AAM who is not support
      staff. Mr. Lopez is Director of Federal Government Affairs. Then president initiated the
      hiring Mr. Lopez.

10.   On December 31, 2006, Ms. Vatel received an outstanding performance review from Mr.
      Webber.

11.   This performance review cited Ms. Vatel as having an excellent working relationship
      with the executive committee. Ms. Vatel received the assignment of assisting David K.
      McCurdy, the incoming president and CEO, in getting accustomed to his new position.

-2-

)                                    )

12.  In February 2007, Mr. McCurdy began his position as president and CEO of AAM.

13.  Mr. McCurdy is a white male.

14.  In August 2007, Mr. McCurdy informed Ms. Vatel that he was "changing the image of the Alliance."

15.  Charles Robinson, a white male, the new Vice President of Finance and Administration, whom Mr. McCurdy appointed, told Ms. Vatel to report to work at 8:00 AM on November 1, 2007, for a meeting.

16.  At that meeting, with both Mr. McCurdy and Mr. Robinson in attendance, Mr. McCurdy told Ms. Vatel that her employment with AAM was not working out and that they wanted her to resign or they would fire her.

17.  Mr. McCurdy told Ms. Vatel that if she did not resign and tell future employers that she resigned, AAM would give her a bad reference.

18.  Michael Earnshaw, a white male, replaced Ms. Vatel.

### IV.  CAUSE OF ACTION.

19.  Ms. Vatel incorporates by reference paragraphs 1-18.

20.  AAM discriminated against Ms. Vatel on the basis of her sex and race in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.01 and 2-1402.11(a)(1) (2007).

21.  As a result of AAM's discrimination, Ms. Vatel suffered emotional, economic, and physical distress.  She also suffered damage to her professional reputation.

22.    David McCurdy discriminated against Ms. Vatel on the basis of her sex and race in

    violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-

    1402.01 and 2-1402.11(a)(1) (2007).

23.    As a result of Mr. McCurdy's discrimination, Ms. Vatel suffered emotional, economic,

    and physical distress. She also suffered damage to her professional reputation.

## V. REQUEST FOR RELIEF.

WHEREFORE, Plaintiff, Karen Vatel, respectfully respects that this Court order the

following relief:

1. Compensatory damages from AAM in the amount of $500,000.00;

2. Punitive damages against AAM to deter it from future discriminatory actions;

3. Compensatory damages from David K. McCurdy in the amount of $500,000.00;

4. Punitive damages against David K. McCurdy to deter him from future discriminatory

    actions;

5. Reasonable attorney's fees and costs; and

6. Any other relief this Court deems appropriate.

Respectfully submitted,

February 14, 2008

Megins S. Skolnick, # 498452
James R. Klimaski, # 243543
KLIMASKI & ASSOCIATES, P.C.
1625 Massachusetts Avenue NW – Suite 500
Washington, DC 20036-2245
202-296-5600       202-296-5601 Fax
skolnick@klimaskilaw.com
klimaski@klimaskilaw.com

*Counsel for Karen Vatel*

-4-

**VERIFICATION**

I, Karen Vatel, have read the above complaint and verify under penalty of perjury that the facts alleged are true to the best of my knowledge and belief.

Executed this ___14th___ day of February, 2008.

Karen Vatel

Karen Vatel

)                                )

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **KAREN VATEL**<br>**8305 Spruce Hill Drive**<br>**Laurel, MD 20726**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ALLIANCE OF AUTOMOBILE**<br>**MANUFACTURERS**<br>**1401 I Street NW – Suite 900**<br>**Washington, DC 20005,**<br><br>**and**<br><br>**DAVID K. McCURDY**<br>**846 Centrillion Drive**<br>**McLean, VA 22102-1446,**<br>**in his official and individual capacities,**<br><br>    **Defendants.** | **Case no. 2008 CA 000920 B**<br><br>**Judge Odessa F. Vincent**<br><br><br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED  VERIFIED  COMPLAINT**
**(SEX AND RACE DISCRIMINATION)**

Plaintiff Karen Vatel, through counsel, brings this action against Defendants, Alliance of

Automobile Manufacturers (AAM) and David Keith McCurdy, CEO and President of AAM, to

recover compensatory and punitive damages and reasonable attorney's fees and costs for sex and

race discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code

§§ 2-1402.01 and 2-1402.11(a)(1) (2007).

**I. PARTIES.**

1.      Karen Vatel is a citizen and resident of Maryland, residing at 8305 Spruce Mill Drive,

       Laurel, MD 20726.

2. AAM is a trade organization for car manufacturers. The organization is located at 1401 I Street, NW, Suite 900, Washington, D.C. 20005.

3. David K. McCurdy is a citizen and resident of Virginia, residing at 846 Centrillion Drive, McLean, VA 22102-1446. Mr. McCurdy is CEO and President of AAM. Ms. Vatel sues Mr. McCurdy in his official and individual capacities.

## II. JURISDICTION AND VENUE.

4. This Court has jurisdiction pursuant to D.C. Code § D.C. Code Ann. § 11-921 (2007).

5. Venue is proper with this Court as the acts and/or omissions at issue occurred within the District of Columbia.

## III. FACTS.

6. Former president and CEO Fred Webber of AAM hired Ms. Vatel as an executive assistant on June 26, 2006.

7. Ms. Vatel is an African-American female.

8. Other than Ms. Vatel, all other African-American employees are support staff.

9. Richard Lopez, a Hispanic male, is the only minority working at AAM who is not support staff. Mr. Lopez is Director of Federal Government Affairs. Then president initiated the hiring Mr. Lopez.

10. On December 31, 2006, Ms. Vatel received an outstanding performance review from Mr. Webber.

11. This performance review cited Ms. Vatel as having an excellent working relationship with the executive committee. Ms. Vatel received the assignment of assisting David K. McCurdy, the incoming president and CEO, in getting accustomed to his new position.

-2-

12.  In February 2007, Mr. McCurdy began his position as president and CEO of AAM.

13.  Mr. McCurdy is a white male.

14.  In August 2007, Mr. McCurdy informed Ms. Vatel that he was "changing the image of the Alliance."

15.  Charles Robinson, a white male, the new Vice President of Finance and Administration, whom Mr. McCurdy appointed, told Ms. Vatel to report to work at 8:00 AM on November 1, 2007, for a meeting.

16.  At that meeting, with both Mr. McCurdy and Mr. Robinson in attendance, Mr. McCurdy told Ms. Vatel that her employment with AAM was not working out and that they wanted her to resign or they would fire her.

17.  Mr. McCurdy told Ms. Vatel that if she did not resign and tell future employers that she resigned, AAM would give her a bad reference.

18.  Michael Earnshaw, a white male, replaced Ms. Vatel.

## IV.  CAUSE OF ACTION.

19.  Ms. Vatel incorporates by reference paragraphs 1-18.

20.  AAM discriminated against Ms. Vatel on the basis of her sex and race in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.01 and 2-1402.11(a)(1) (2007).

21.  As a result of AAM's discrimination, Ms. Vatel suffered emotional, economic, and physical distress.  She also suffered damage to her professional reputation.

22.     David McCurdy discriminated against Ms. Vatel on the basis of her sex and race in

violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-

1402.01 and 2-1402.11(a)(1) (2007).

23.     As a result of Mr. McCurdy's discrimination, Ms. Vatel suffered emotional, economic,

and physical distress. She also suffered damage to her professional reputation.

## V. REQUEST FOR RELIEF.

WHEREFORE, Plaintiff, Karen Vatel, respectfully respects that this Court order the

following relief:

1. Compensatory damages from AAM in the amount of $500,000.00;

2. Punitive damages against AAM to deter it from future discriminatory actions;

3. Compensatory damages from David K. McCurdy in the amount of $500,000.00;

4. Punitive damages against David K. McCurdy to deter him from future discriminatory

actions;

5. Reasonable attorney's fees and costs; and

6. Any other relief this Court deems appropriate.

Respectfully submitted,

February 14, 2008

Megins S. Skolnick, # 498452
James R. Klimaski, # 243543
KLIMASKI & ASSOCIATES, P.C.
1625 Massachusetts Avenue NW – Suite 500
Washington, DC 20036-2245
202-296-5600        202-296-5601 Fax
skolnick@klimaskilaw.com
klimaski@klimaskilaw.com

*Counsel for Karen Vatel*

-4-

**<u>VERIFICATION</u>**

I, Karen Vatel, have read the above complaint and verify under penalty of perjury that the

facts alleged are true to the best of my knowledge and belief.

Executed this _____14th_____ day of February, 2008.


_Karen Vatel_
Karen Vatel

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

**KAREN VATEL**
8305 Spruce Hill Drive
Laurel, MD 20726

       **Plaintiff,**

       **v.**

**ALLIANCE OF AUTOMOBILE
MANUFACTURERS**
1401 I Street, NW – Suite 900
Washington, D.C. 20005

       **Defendant.**

08-0000920

CIVIL ACTION NO. _____

**JURY TRIAL DEMANDED**



### VERIFIED COMPLAINT
### (SEX AND RACE DISCRIMINATION)

Plaintiff Karen Vatel, through counsel, brings this action against Defendant, Alliance of Automobile Manufacturers (AAM), to recover compensatory and punitive damages and reasonable attorney's fees and costs for sex and race discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 and 2-1402 (2006).

### I. PARTIES AND JURISDICTION.

1. Karen Vatel is a citizen and resident of Maryland, residing at 8305 Spruce Mill Drive, Laurel, MD 20726.

2. AAM is a trade organization for car manufacturers. The organization is located at 1401 I Street, NW, Suite 900, Washington, D.C. 20005.

3. This Court has jurisdiction pursuant to D.C. Code §§1-204 and 2-1403 (2006).

## II. FACTS.

4.    Former president and CEO Fred Webber of AAM hired Ms. Vatel as an executive

assistant on June 26, 2006.

5.    Ms. Vatel is an African-American female.

6.    Other than Ms. Vatel, all other African-American employees are support staff.

7.    Richard Lopez, a Hispanic male, is the only minority working at AAM who is not support

staff.  Mr. Lopez is Director of Federal Government Affairs.  Then president Mr.Webber

initiated the hiring Mr. Lopez.

8.    On December 31, 2006, Ms. Vatel received an outstanding performance review from Mr.

Webber.

9.    This performance review cited Ms. Vatel as having an excellent working relationship

with the executive committee.  Ms. Vatel received the assignment of assisting Dave

McCurdy, the incoming president and CEO, in getting accustomed to his new position.

10.    In February 2007, Mr. McCurdy began his position as president and CEO of AAM.

11.    Mr. McCurdy is a white male.

12.    In August 2007, Mr. McCurdy informed Ms. Vatel that he was "changing the image of

the Alliance."

13.    Charles Robinson, a white male, the new Vice President of Finance and Administration,

whom Mr. McCurdy appointed, told Ms. Vatel to report to work at 8 am on November 1,

2007, for a meeting.

14.    At that meeting, with both Mr. McCurdy and Mr. Robinson in attendance, Mr. McCurdy

told Ms. Vatel that her employment with AAM was not working out and that they wanted

2

her to resign or they would fire her.

15. Mr. McCurdy told Ms. Vatel that if she did not resign and tell future employers that she resigned, AAM would give her a bad reference.

16. Michael Earnshaw, a white male, replaced Ms. Vatel.

### III. CAUSE OF ACTION.

17. Plaintiff incorporates by reference paragraphs 1-16.

18. AAM discriminated against Ms. Vatel on the basis of her sex and race in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 and 2-1402 (2006).

19. As a result of AAM's discrimination, Ms. Vatel suffered emotional, economic and physical distress. She also suffered damage to her professional reputation.

### IV. REQUEST FOR RELIEF.

WHEREFORE, Plaintiff, Karen Vatel, respectfully respects that this Court order the following relief:

A. Compensatory damages in the amount of $500,000.00;

B. Punitive damages against AAM to deter it from future discriminatory actions;

C. Reasonable attorney's fees and costs; and

D. Any other relief this Court deems appropriate.

3

January 25, 2008

Respectfully submitted,

Megins S. Skolnick
Bar No. 498452
James R. Klimaski
Bar No. 243543
1625 Massachusetts Ave, NW
Suite 500
Washington, DC 20036
(202) 296-5600
(202) 296-5601 Fax
skolnick@klimaskilaw.com
klimaski@klimaskilaw.com

Counsel for Plaintiff

4

## VERIFICATION

I, Karen Vatel, have read the above complaint and verify under penalty of perjury that the facts alleged are true to the best of my knowledge and belief. Executed this 1/25 day of January, 2008.

Karen Vatel

5

# EXHIBIT 2

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| Karen Vatel |
| --- |

*Plaintiff*

vs.

Civil Action No. | 2008 CA 00920 B |

| Alliance of Automobile Manufacturers et al |
| --- |

*Defendant*

David K. McCurdy
846 Centrillion Drive
McLean VA 22102-1446

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Megins S. Skolnick, James R. Klimaski |
| --- |
Name of Plaintiff's Attorney

| 1625 Massachusetts Ave. NW -- Suite 500 |
| --- |
Address

| Washington, DC 20036-2245 |
| --- |

| 202-296-5600 |
| --- |
Telephone

By _____
 Deputy Clerk

Date | February 26, 2008 | FEB 27 200

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KAREN VATEL
    Vs.                              C.A. No.     2008 CA 000920 B
ALLIANCE OF AUTOMOBILE MANUFACTURERS
**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ODESSA F VINCENT
Date: February 6, 2008
Initial Conference: 9:00 am, Friday, May 16, 2008
Location: Courtroom B-52
         510 4th Street, NW
         WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Karen Vatel | Alliance of Automobile Manufacturers, Inc.<br>David K. McCurdy |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince Georges<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Megins S. Skolnick<br>James R. Klimaski<br>Klimaski & Associates, P.C.<br>1625 Massachusetts Ave., N.W. -Suite 500<br>Washington, D.C. 20036 | Ari Karen<br>Trevor S. Blake, II<br>Venable LLP<br>575 7th Street, N.W.<br>Washington, D.C. 20004 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

● 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x in ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ⦿ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ⦿ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Jurisdiction is premised on diversity, 28 U.S.C. 1332; plaintiff alleges discrimination in violation of the District of Columbia Human Rights Act.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ $1,000,000.00 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒    NO ☐ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  March 18, 2008    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_KAREN VATEL_____
Plaintiff

                v.                          Civil Action No.    **08 0467**

                                                    **MAR 18 2008**

_ALLIANCE OF AUTO MOBILE MFG., Inc._
Defendant                        _ETAL_

    The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **LEON, J. RJL**_____ . All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

                              NANCY MAYER-WHITTINGTON, CLERK

                              By _Maureen Higgins_____
                                  ( Deputy Clerk )

cc: _Higgins S. Skolnick_                        929A
                                                 Rev. 7/02