## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAREN VATEL** | |
| **Plaintiff,** | |
| | **Civil Action no. 1:08-cv-00467-RJL** |
| **v.** | **Judge Richard J. Leon** |
| **ALLIANCE OF AUTOMOBILE MANUFACTURERS** | |
| **and** | **(Removed from D.C. Superior Court Case no. 2008 CA 000920 B)** |
| **DAVID K. McCURDY** **in his official and individual capacities,** | **April 23, 2008** |
| **Defendants.** | |

## JOINT MEET AND CONFER STATEMENT

The parties have prepared their respective brief statements of the case. They are:

### Statement of the Case

**Plaintiff:**

Plaintiff Karen Vatel is suing Defendants, Alliance of Automobile Manufacturers, Inc., and David Keith McCurdy, CEO and President of Alliance, to recover compensatory and punitive damages and reasonable attorney's fees and costs for sex and race discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.01 and 2-1402.11(a)(1) (2007). Ms. Vatel is an African-American female. She was employed by Alliance of Automobile Manufacturers as an executive assistant. Ms. Vatel was hired by former CEO Fred Webber on June 26, 2006. When Mr. Webber retired, Mr. McCurdy replaced him as CEO. On November 1, 2007, Mr. McCurdy fired her. Ms. Vatel alleges her termination was out of discrimination, based on her race and gender.

**<u>Defendants</u>:**

Defendants submit that Ms. Vatel cannot establish a prima facie case of discrimination, nor can she demonstrate that Defendants' reason for her termination was pre-textual.  To begin, Mr. McCurdy hired Plaintiff as his assistant at the time he commenced his employment with Alliance of Automobile Manufacturers, it being the understanding of all parties, at all times, that it was customary for an executive in Mr. McCurdy's position to personally hire his assistant. Plaintiff was terminated because her working style was not consistent with that of nor acceptable to Mr. McCurdy (and vice versa), leading to significant frustration and friction between both parties, and an unhealthy working relationship neither party enjoyed.  Accordingly, Defendants can articulate a legitimate non-discriminatory reason for Plaintiff's discharge, which cannot be considered pre-textual.

Pursuant to the Court's March 25, 2008, Order, the parties conferred by telephone on March 25, 2008, and file this report regarding the LCvR 16.3 (c) matters discussed:

(1)  *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Plaintiff believes a jury trial will be necessary and that initiation of discovery should not be delayed.

Defendants believe that following discovery, the case will be resolved on summary judgement.

(2)  *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties are at this time unaware of any other necessary parties or amendments to the pleadings. The parties do anticipate resolving some factual issues by agreement but no legal issues.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

Plaintiff is amenable to having this matter assigned to a magistrate judge. Defendant is not.

(4) *Whether there is a realistic possibility of settling the case.*

Not at this time.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures ....*

Not at this time.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The defendants believe this case can be resolved by summary judgment. Plaintiff does not. Plaintiff and defendants propose that dates and deadlines be set at the Scheduling Conference.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

Neither Plaintiff nor Defendants agree to dispensing with initial disclosures.

(8) *The anticipated extent of discovery ....*

Plaintiff and Defendants request 180 days to complete discovery, including 25 interrogatories and 25 document requests each and five depositions per party.

(9)  *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

Plaintiff may use an expert.  Defendant may counter with their own expert..

(10)  *In class actions ....*

N/A

(11)  *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

No.

(12)  *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

To be determined.

(13)  *Whether the Court should set a firm trial date ....*

Yes.

(14)  *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties do not anticipate the need to include any other matters in the scheduling order.

April 23, 2008                              Respectfully submitted,

FOR DEFENDANTS:                             FOR PLAINTIFF:

    ___*/s/ Trevor S. Blake*_____          ___*/s/ James R. Klimaski*_____
Trevor S. Blake, #974319                    James R. Klimaski, #243543
Ari Karen, #458963                          Megins S. Skolnick, #498452
Venable LLP                                 Klimaski & Associates P.C.
575 7th Street NW                           1625 Massachusetts Avenue NW
Washington, DC 20004                        Suite 500
(202)344-4649                               Washington, DC  20036
akaren@venable.com                          (202) 296-5600
                                            klimaski@klimaskilaw.com

---

**Certificate of Service**


Filing jointly on behalf of the Plaintiff, I certify that the foregoing ***Joint Meet and Confer Statement*** will be served to counsel for defendants in this case automatically on April 23, 2008, subsequent to properly filing this item in the approved electronic Portable Document Format (an Adobe PDF file) through this Court's Case Management and Electronic Case Filing notification system operated on a secure sector of this Court's website.


      Trevor S. Blake, #974319
      Ari Karen, #458963
      Venable LLP
      575 7th Street NW
      Washington, DC 20004
      akaren@venable.com


                        ***/s/ Jon Pinkus***
                        Jon Pinkus
                        Klimaski and Associates, PC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KAREN VATEL**

    **Plaintiff,**

    **v.**

**ALLIANCE OF AUTOMOBILE
MANUFACTURERS**

**and**

**DAVID K. McCURDY
in his official and individual capacities,**

    **Defendants.**

**Civil Action no. 1:08-cv-00467-RJL
Judge Richard J. Leon**

**(Removed from D.C. Superior Court
  Case no. 2008 CA 000920 B)**

## SCHEDULING ORDER

It is, this _____ , day of _____ , 2008, it is **ORDERED** that the

following deadlines are set:

| | |
|---|---|
| Deadline for Rule 26(a) disclosures | April 29, 2008 |
| Opening Discovery:<br>(The day of the scheduling conference) | _____ |
| Expert Witness Reports Due<br>(90 days from close of discovery) | _____ |
| Responsive Expert Witness reports Due<br>(45 days from the close of discovery) | _____ |
| Deadline to Join Additional Parties<br>(90 days prior to close of discovery) | _____ |
| Deadline to Amend Pleadings<br>(60 days prior to close of discovery) | _____ |
| Discovery Closed<br>(180 days from the Scheduling Conference) | _____ |

ADR (Mediation/Case Evaluation)                    _____
(Between the close of discovery and dispositive motions deadline)

Dispositive Motions Deadline                       _____
(45 days from the close of discovery)

Dispositive Motions Decided                        _____
(45 days from filing of last reply, or 122 days from dispositive motions deadline)

Pretrial Conference                                _____
(30 days from the final dispositive motions decision, or 45 days from the close of
discovery)

It is also **ORDERED**, that each party be allowed to serve up to twenty-five (25)

interrogatories, inclusive of sub-parts, upon each opposing party, up to twenty-five (25) requests

for production of documents upon each opposing party, and hold up to five (5) depositions.

**SO ORDERED.**


_____          _____
Date                                    Richard J. Leon
                                        United States District Judge


Copies to:

Counsel via ECF.

-2-