**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**CONSENT MOTION FOR LEAVE TO FILE
AMENDED ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

Defendants Alliance of Automobile Manufacturers, Inc. and David K. McCurdy, by and through their undersigned counsel, pursuant to the Court's instructions given at its May 16, 2008 scheduling conference and with the written consent of Plaintiff Karen Vatel, hereby move, pursuant to Fed. R. Civ. Pro. 15, for leave to file an Amended Answer to Plaintiff's First Amended Verified Complaint. A proposed order is attached.

DATED this 12th day of June 2008.    Respectfully submitted,

/s/ Ari Karen
Ari Karen
Venable LLP
Bar No. 458963
Phone: (202) 344-4649
Facsimile: (202) 344-8300
Email: akaren@venable.com
575 7th Street, NW
Washington, DC 20004
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Ari Karen, hereby certify that, on June 12, 2008, I electronically filed one copy of the foregoing **Consent Motion for Leave to File Amended Answer to First Amended Verified Complaint** and the attached proposed **Order** with the Clerk of the Court, using the CM/ECF system.

      Plaintiff's counsel is a registered user of that system and is able to accept electronic filing. By operation of the Court's electronic filing system, notice of this filing will be sent to all parties' counsel, who may access this filing through that system.

      Additionally, I have caused a true and correct copy of the foregoing **Consent Motion for Leave to File Amended Answer to First Amended Verified Complaint** and the attached proposed **Order** to be sent, via first-class U.S. Mail with postage prepaid, to Plaintiff's counsel identified below:

                James R. Klimaski, Esq.
                Lynn I. Miller, Esq.
                Megins S. Skolnick, Esq.
                Klimaski & Associates, P.C.
                1625 Massachusetts Avenue, N.W.
                Suite 500
                Washington, D.C. 20036-2245

Dated this 12th day of June 2008.            /s/ Ari Karen
                                                                  Ari Karen

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

## **ORDER**

Upon review of the Consent Motion for Leave to File Amended Answer to First Amended Verified Complaint filed on behalf of the Alliance of Automobile Manufacturers, Inc. and David K. McCurdy, and any response thereto, it is

ORDERED this _____ day of _____, 2008 that the Motion is GRANTED and that the Alliance of Automobile Manufacturers, Inc. and David K. McCurdy are permitted to file an Amended Answer to Plaintiff's First Amended Verified Complaint in the above-referenced case.

_____
Richard J. Leon
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**AMENDED ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

Defendants Alliance of Automobile Manufacturers, Inc. and David K. McCurdy (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff Karen Vatel's (hereinafter referred to as "Plaintiff") First Amended Verified Complaint (hereinafter referred to as the "Complaint"), and set forth their affirmative defenses to the claims alleged therein.

The first paragraph of the Complaint, which appears prior to the numbered paragraphs, is a recitation and summary of the claims to which no response is necessary. To the extent a response is required, Defendants deny the allegations set forth in that Paragraph.

## I. PARTIES

1. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit the allegations set forth in the first and second sentences of Paragraph 3 of the Complaint. The third sentence of Paragraph 3 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent any further response is required, Defendants deny the allegations set forth in the third sentence of Paragraph 3 of the Complaint.

## II. JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent any further response is required, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent any further response is required, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

## III. FACTS

6. Defendants admit that Mr. Webber hired Plaintiff as his executive assistant; however, she was hired with the caveat that Mr. Webber's successor was being hired and that the successor would hire his own executive assistant, and that Plaintiff may or may not have

    the opportunity to interview for and/or be hired as the successor's executive assistant. As such, Mr. McCurdy hired Plaintiff as his executive assistant.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny as phrased the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

### IV. CAUSE OF ACTION

19. Defendants repeat and reincorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

20. Paragraph 20 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent any further response is required, Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent any further response is required, Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

## V. REQUEST FOR RELIEF

To the extent the Complaint sets forth a prayer for relief, Defendants deny that Plaintiff is entitled to any such relief.

To the extent that any allegation herein is not specifically admitted, it is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which Plaintiff can recover relief.

2. Plaintiff's Complaint fails to establish grounds for individual liability of Defendant David K. McCurdy.

3. Plaintiff's claims are barred by laches.

4. Plaintiff's claims are barred because of lack of standing.

5. Plaintiff's claims are barred by estoppel.

6. Plaintiff's claims are barred because of unclean hands.

7. Plaintiff's claims for relief are barred by the failure to mitigate damages.

DATED this 12th day of June 2008.                Respectfully submitted,

                                                 VENABLE LLP

                                                 /s/Ari Karen
                                                 Ari Karen

                    Bar No. 458963
                    Phone: (202) 344-4649
                    Facsimile: (202) 344-8300
                    Email: akaren@venable.com
                    575 7th Street, NW
                    Washington, DC 20004
                    *Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I, Ari Karen, hereby certify that, on June 12, 2008, I electronically filed one copy of the foregoing **Amended Answer to First Amended Verified Complaint** with the Clerk of the Court, using the CM/ECF system.

Plaintiff's counsel is a registered user of that system and is able to accept electronic filing. By operation of the Court's electronic filing system, notice of this filing will be sent to all parties' counsel, who may access this filing through that system.

Additionally, I have caused a true and correct copy of the foregoing to be sent, via first-class U.S. Mail with postage prepaid, to Plaintiff's counsel identified below:

> James R. Klimaski, Esq.
> Lynn I. Miller, Esq.
> Megins S. Skolnick, Esq.
> Klimaski & Associates, P.C.
> 1625 Massachusetts Avenue, N.W.
> Suite 500
> Washington, D.C. 20036-2245

Dated this 12th day of June 2008.                /s/ Ari Karen
                                                  Ari Karen