**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants Alliance of Automobile Manufacturers, Inc. and David K. McCurdy, by and through their undersigned counsel, hereby respectfully move for entry of a Protective Order precluding deposition of non-party Craig Helsing, consistent with the proposed Protective Order attached hereto. A memorandum in support of this Motion is attached hereto.

DATED this 25th day of July 2008.    Respectfully submitted,

                                                                                        **VENABLE LLP**

                                                                                       *Counsel for Defendants*

                                                                                       /s/ Ari Karen
                                                                                       Ari Karen
                                                                                       Bar No. 458963
                                                                                       Phone: (202) 344-4649
                                                                                       Fax: (202) 344-8300
                                                                                       Email: akaren@venable.com
                                                                                       575 Seventh Street Northwest
                                                                                       Washington, DC 20004

## DEFENDANTS' RULE 26(c) CERTIFICATION

In support of the foregoing Motion, I, counsel for Defendants, Ari Karen, hereby certify as follows:

1. In good faith, I conferred and attempted to confer with Plaintiff in an effort to resolve the instant dispute without court action.

2. In particular, during a telephone conference held on June 3, 2008, between counsel for Plaintiff and myself, I objected to the appropriateness of deposing Mr. Craig Helsing and noted that I did not believe such discovery would be relevant to the case at hand.

3. Plaintiff's counsel confirmed to my associate, Elizabeth Snodgrass, on July 9, 2008, Plaintiff's continuing intent to depose Mr. Helsing.

4. A subsequent telephone conference was held on July 24, 2008. At that time, I informed Plaintiff's counsel that Defendants planned to file a motion for entry of a protective order to prevent the deposition of Mr. Helsing.

5. The parties were unable to resolve the dispute during the above-mentioned telephone conferences.

DATED this 25th day of July 2008.

Respectfully submitted,

**VENABLE LLP**

*Counsel for Defendants*

/s/ Ari Karen
Ari Karen
Bar No. 458963
Phone: (202) 344-4649
Fax: (202) 344-8300
Email: akaren@venable.com
575 Seventh Street Northwest
Washington, DC 20004

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants Alliance of Automobile Manufacturers, Inc. ("Alliance") and David K. McCurdy ("Mr. McCurdy") (collectively referred to hereinafter as "Defendants"), hereby submit this memorandum in support of Defendants' Motion for Entry of Protective Order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to preclude Defendants from deposing a non-party individual whose only connection to this case, vel non, is the fact that he sits on Alliance's Board of Directors ("Board").

I. **Background**

Plaintiff Karen Vatel ("Plaintiff") alleges violations of the District of Columbia Human Rights Act. On May 16, 2008, Plaintiff noticed the depositions of six individuals, one of whom

is Craig Helsing,[1] a non-party who is an employee of BMW. Mr. Helsing does not work at the Alliance. Mr. Helsing did not directly or indirectly supervise Plaintiff, nor did he ever observe her working style or job performance. See Declaration of Craig Helsing, attached hereto as Exhibit A. Mr. Helsing was not privy to any information concerning Plaintiff's employment nor the reasons surrounding Plaintiff's termination at the Alliance. Id. Mr. Helsing could offer no information based upon his personal knowledge, nor inadmissible hearsay that would tangentially relate to even a single pleaded fact in this case. Id. In essence, Mr. Helsing is a complete stranger to this case. His only connection to this case is that he served on the executive committee for Alliance's Board of Directors. The only possible purpose for noticing the deposition of Mr. Helsing is to annoy and embarrass Defendants.

As discussed below, Defendants are entitled to protection against the proposed discovery. The discovery does not seek information that is relevant to this case, and is intended to and will serve only to harass, annoy, and embarrass both of the Defendants, as well as non-parties to this case. Consistent with the trend of federal courts prohibiting depositions of officers and executives without a showing that such persons have direct knowledge of the salient facts in a case, this Court should grant the Alliance's motion for protective order.

## II. Argument

### A. The Trend Among Federal Courts Is To Grant The Type Of Protective Order Being Sought By Defendants.

"The oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case."

---

[1] Plaintiff's counsel has indicated his intention to subpoena Mr. Helsing for deposition if he is not voluntarily produced for deposition by Defendants.

Folwell v. Hernandez, 210 F.R.D. 169, 173-174 (M.D.N.C.2002).  See also  Thomas v. IBM, 48 F.3d 478, 483 (10th Cir. 1995); Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989) (upholding district court's grant of protective order precluding the deposition of defendant's Chairman of the board and CEO, where he had no knowledge of the facts pertinent to plaintiffs' action).  As such, the general trend among federal courts is to prohibit, or to place significant limitations upon, the deposition of a high-ranking corporate executive who has no personal knowledge of the subject matter of the litigation.  Koken v. Lexington Ins. Co., 2005 WL 6051364 *1, No. 04-2539  (E.D. Pa. July 18, 2005).  Indeed, Courts have held that "when a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."  Marscio v. Sears Holding, No. 06-10235, 2007 U.S. Dist. LEXIS 22757, at *4, 2007 WL 1006168 (E.D.Mich. Mar. 29, 2007); Devlin v. Chemed Corp., 2005 WL 2313859 (E.D.Mich.2005) (citing Baine v. General Motors Corp., 141 F.R.D. 332, 334 (M.D.Ala.1991); Thomas, 48 F.3d at 483-84 (10th Cir.1995).  "In the absence of a showing of unique personal knowledge, the circuit courts … have upheld the entry of a protective order precluding the depositions of high level company executives."  Wagner v. Novartis Pharmaceuticals Corp., 2007 WL 3341845 *1, No. 3:07-cv-129 (E.D. Tenn. Nov. 8, 2007); Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir.1998) (upholding denial of plaintiff's request to depose high-ranking officer where there was no showing that individual was involved in the termination at issue); Lewelling, 879 F.2d at 218.  Where a court is satisfied based on all the available information that there is no likelihood that a witness has knowledge of relevant facts, the issuance of a protective order prohibiting a deposition has been sustained as an appropriate exercise of discretion.  Johnson v. Jung, 242 F.R.D. 481, 484 (N.D. Ill., May 10,

2007). As such, where a plaintiff seeks to depose a high level executive, there must be a showing that the individual has personal knowledge of relevant information, and in the absence of such showing, the discovery should be prohibited.

Here, Mr. Helsing is a member of the Alliance's Board of Directors -- he is not even an officer or employee of the Alliance. The interest of preventing embarrassment and abuse veiled as the exercise of discovery is more compelling since it involves a non-party, with no knowledge relevant to this case. Indeed, as a member of the Alliance's Board, Mr. Helsing has no first hand knowledge of Plaintiff's routine performance, work style, or the decision to terminate her employment. See Exh. A. He is a stranger to this case, who is now being involved by Plaintiff, simply to harass and embarrass Mr. McCurdy and the Alliance. Defendants submit that Plaintiff cannot make a showing that Mr. Helsing has unique direct knowledge of facts relevant to this case. Consistent with the trend of federal courts prohibiting this type of conduct, a protective order should issue precluding Plaintiff from pursuing Mr. Helsing's deposition.

### B. Deposing Mr. Helsing Would Not Be Within the Scope of Discovery.

Rule 26(b) of the Federal Rules of Civil Procedure defines the general scope of discovery allowed in federal cases. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" or, if the court so orders for good cause, "any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b).

Mr. Helsing's deposition is beyond the scope of permissible discovery. As mentioned above, Mr. Helsing is merely a member of Alliance's executive committee for its Board of Directors. He served in that capacity as a representative of an Alliance member organization,

BMW.  However, Mr. Helsing did not involve himself in the routine operations of the Alliance.  He made no decisions and offered no input regarding the employment of Alliance support staff.  Moreover, Mr. Helsing did not have sufficient interaction with Plaintiff to form any meaningful opinion as to her working style, her performance, or her working relationship with Mr. McCurdy.  See Exh. A.  Defendants have not taken the position that Plaintiff was terminated as a result of her interactions with the Board or any of its members or on account of any actions taken in the presence of Board members.  Rather, Plaintiff was terminated from the Alliance because her work style was irreconcilably incompatible with that of Mr. McCurdy.  Mr. Helsing's lack of involvement in any matter concerning Plaintiff's employment with or termination from the Alliance indicate that testimony obtained through a deposition of Mr. Helsing would be completely devoid of relevant information for purposes of the instant action.  As such, this discovery is not within the scope permitted by the Federal Rules of Civil Procedure.

### C. As the Intention for Deposing Mr. Helsing is to Annoy, Embarrass, and Harass, Defendants Should Be Protected.

Rule 26(c) "gives the court broad discretion to limit discovery in a particular case."  McKesson HBOC, Inc. v. Islamic Republic of Iran, 226 F.R.D. 56, 57 (D.D.C. 2004).  That broad discretion may be exercised to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [by] forbidding the disclosure or discovery."  Fed. R. Civ. P. 26(c).  Under Rule 26(b)(2)(C), a court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C).  In making this Rule 26(b)(2)(C) determination, "[c]ourts should balance the need for discovery against the burden imposed on the person [subject to the discovery]."  Wyoming v. U.S. Dept. of Agric., 208 F.R.D. 449, 452 (D.D.C.

2002). Importantly, when the individual subject to discovery is a non-party, courts are particularly careful in defining the scope of discovery: "[n]on-party status is one of the factors the court uses in weighing the burden of imposing discovery." Id. As such, when a deposition would create annoyance and embarrassment, as well as undue burden and expense, a court should exercise its discretion to prohibit such discovery, especially when the proposed deponent is a non-party lacking in knowledge of the facts of the case.

Defendants perform a service function with regard to Alliance member organizations and their representatives. Defendants' entire organization is premised and dependent upon its relationships with member organizations. Plaintiff apparently recognizes the nature of Defendants' relationships with member organizations, and obviously intends to use this deposition as a means of harassing Defendants. The Court's "broad discretion to limit discovery" under Rule 26(c) would be well-exercised in preventing Plaintiff from using her knowledge of Defendants' relationships with member organizations and their representatives to create extreme annoyance and embarrassment for them. McKesson, 226 F.R.D. at 57; Fed. R. Civ. Pro. 26(c). In addition to the annoyance and embarrassment to be suffered by Defendants if the proposed discovery is allowed, Mr. Helsing—an executive for BMW—would be forced to make the time in his crowded schedule to be deposed on a matter about which he has no information. See Exh. A. Because the intended purpose of the deposition is to harass (there could be no other true motivation), and because Mr. Helsing would be unable to offer testimony of relevance, the burden and expense are undue, and certainly outweigh the "likely benefit." Fed. R. Civ. Pro. 26(c), 26(b)(2)(C). As such, a protective order preventing the annoyance and embarrassment of this deposition should be granted.

### III. Conclusion

The Federal Rules of Civil Procedure and supporting case law indicate that Defendants are entitled to a protective order forbidding Plaintiff from taking the deposition of Mr. Helsing because the conduct of such deposition would be outside the scope of proper discovery and subject Defendants to annoyance and embarrassment, as well as undue burden and expense.  See Fed. R. Civ. P. 26(b), 26(c).  WHEREFORE, for the reasons stated above, Defendants respectfully move for the entry of an Order limiting discovery consistent with the proposed Order attached hereto.

DATED this 25th day of July 2008.                    Respectfully submitted,

**VENABLE LLP**

*Counsel for Defendants*

/s/ Ari Karen
Ari Karen
Bar No. 458963
Phone: (202) 344-4649
Fax: (202) 344-8300
Email: akaren@venable.com
575 Seventh Street Northwest
Washington, DC 20004

**CERTIFICATE OF SERVICE**

      I, Ari Karen, hereby certify that, on July 25, 2008, I electronically filed copies of the foregoing **Defendants' Motion for Entry of Protective Order, Defendants' Rule 26(c) Certification**, **Memorandum of Points and Authorities in Support of Defendants' Motion for Entry of Protective Order**, and the attached **Exhibit A: Declaration of Craig Helsing** and accompanying proposed **Protective Order**, with the Clerk of the Court, using the CM/ECF system.

      Plaintiff's counsel is a registered user of that system and is able to accept electronic filing. By operation of the Court's electronic filing system, notice of this filing will be sent to all parties' counsel, who may access this filing through that system.

      Additionally, I have caused a true and correct copy of the foregoing to be sent, via first-class U.S. Mail with postage prepaid, to Plaintiff's counsel identified below:

> James R. Klimaski, Esq.
> Lynn I. Miller, Esq.
> Megins S. Skolnick, Esq.
> Klimaski & Associates, P.C.
> 1625 Massachusetts Avenue, N.W.
> Suite 500
> Washington, D.C. 20036-2245

Dated this 25th day of July 2008.           /s/ Ari Karen
                                                                                       Ari Karen

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

## DECLARATION OF CRAIG HELSING

I, Craig Helsing, am above the age of eighteen and competent to testify to the following matters, all of which are within my personal knowledge.

1. At all times relevant hereto, I have been and continue to be employed as the Vice President for BMW (US) Holding Corp. In that role, I share responsibilities for handling all economic and federal political representation of BMW Holding Corp. entities within the United States. My position requires travel, long hours, and places substantial demands on my time. The same is true of my sole colleague (it is only a two person office), and our office is not staffed to have excess capacity, or the ability to routinely "cover" each others' absence.

2. I do not work at and have never been employed by the Alliance of Automobile Manufacturers, Inc. ("Alliance"). I did serve as the head of the Alliance's executive committee last year.

3. As head of the executive committee, I did speak with Karen Vatel on occasion, with our conversation limited to short exchanges of pleasantries. I do not recall ever speaking to Ms. Vatel about her job, or how she liked working with David McCurdy. I never supervised, directed, or substantively observed her work.

4. Further, I do not recall ever speaking to Mr. McCurdy about Ms. Vatel's performance or their working relationship. My only observance of their interaction was limited to a few occasions where Ms. Vatel was at the executive meetings with Mr. McCurdy and other alliance staff.

5. From these limited and unremarkable interactions and observance of Ms. Vatel and/or her interactions with Mr. McCurdy, I could not provide any meaningful information on anything concerning the circumstances surrounding Ms. Vatel's employment and/or any allegations Ms. Vatel may be making about her termination from the Alliance.

I SWEAR UPON THE PENALTIES OF PERJURY, THAT THE FOREGOING IS TRUE AND ACCURATE.

DATED this 24th day of July 2008.

_____
Craig Helsing

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL,<br><br>*Plaintiff*<br><br>vs.<br><br>ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and<br><br>DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually,<br><br>*Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of Defendants' Motion for Entry of Protective Order, the points and authority in support thereof, Exhibits thereto, and Plaintiff's opposition, it is this

\_\_\_\_\_ day of _____ 2008, hereby ORDERED:

(1)   that Defendants' Motion for Entry of Protective Order be and hereby is GRANTED, and

(2)   that Plaintiff is precluded from taking the deposition of Craig Helsing.

_____
United States District Court Judge