**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN VATEL, *Plaintiff* vs. ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC. and DAVID K. MCCURDY, As Chief Executive Officer and President of the Alliance of Automobile Manufacturers, and Individually, *Defendants.* | CIVIL ACTION NO. 1:08-cv-00467-RJL |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants Alliance of Automobile Manufacturers, Inc. ("Alliance") and David K. McCurdy ("Mr. McCurdy") (collectively referred to as "Defendants"), hereby submit this reply memorandum in further support of Defendants' Motion for Entry of Protective Order ("Motion"), which Motion and supporting materials appear at Docket Entry No. 18.

On or about July 25, 2008, Defendants moved for entry of a protective order that would preclude Plaintiff Karen Vatel ("Plaintiff" or "Ms. Vatel") from deposing Craig Helsing ("Mr. Helsing"). The Motion submission makes clear that Mr. Helsing has no direct knowledge that is pertinent to this case. Accordingly, Plaintiff's insistence that she take Mr. Helsing's deposition likely is fueled by nothing more than a desire to misuse the discovery process to harass Defendants and to subject them to needless embarrassment and unwarranted expense. Ironically, rather than dispel that theory, Plaintiff's Opposition to Defendants' Motion for Protective Order ("Opposition") corroborates it.

Ms. Vatel's Opposition evinces that Plaintiff lacks a legitimate basis for wanting to depose Mr. Helsing. Indeed, the Opposition contends that the relevant personal knowledge Mr. Helsing possesses, which supposedly merits his submission to a deposition in the above-captioned case, concerns the manner in which Ms. Vatel conducted that aspect of her Alliance employment involving the executive committee of the Alliance. Of note, that issue – which is the sole basis proffered by Ms. Vatel as the legitimate ground for taking Mr. Helsing's deposition – is a red herring. Ms. Vatel's performance insofar as the executive committee is concerned is wholly irrelevant to matters before the Court. At no time have Defendants indicated that Ms. Vatel's job performance concerning the executive committee was the reason for her separation from Alliance. Indeed, never have Defendants posited that Ms. Vatel's work respecting the executive committee was unsatisfactory. Furthermore, Defendants' counsel have iterated and reiterated the foregoing to Plaintiff's counsel. Nevertheless, Ms. Vatel offers nothing more than this moot point to oppose the Motion. That, coupled with Ms. Vatel's failure to identify any other reason why Mr. Helsing should be deposed (despite receiving ample and repeated notice regarding the inviability of her espoused purpose), evidences that Defendants will suffer harassment and undue expense if the Motion is not granted and Plaintiff is allowed to employ abuse of the discovery process as a litigation strategy.

For the foregoing reasons as well as all those set forth in Defendants' Motion and supporting materials, Defendants respectfully request that this Honorable Court enter the requested protective order.

DATED this 5th day of August 2008.    Respectfully submitted,

**VENABLE LLP**

*Counsel for Defendants*

/s/ Trevor S. Blake, II_____
Trevor S. Blake, II (Bar No. 974319)
575 Seventh Street, NW
Washington, DC 20004
Phone: (202) 344-8040
Fax: (202) 344-8300
Email: TSBlake@venable.com

**CERTIFICATE OF SERVICE**

      I, Trevor S. Blake, II, hereby certify that, on August 5, 2008, I electronically filed the foregoing **Reply Memorandum in Further Support of Defendants' Motion for Entry of Protective Order** with the Clerk of the Court, using the CM/ECF system.

      Plaintiff's counsel are registered users of that system and are able to accept electronic filing. By operation of the Court's electronic filing system, notice of this filing will be sent to all parties' counsel, who may access this filing through that system.

      Additionally, I have caused a true and correct copy of the foregoing to be sent, via first-class U.S. Mail with postage prepaid, to Plaintiff's counsel identified below:

>James R. Klimaski, Esq.
>Lynn I. Miller, Esq.
>Megins S. Skolnick, Esq.
>Klimaski & Associates, P.C.
>1625 Massachusetts Avenue, N.W.
>Suite 500
>Washington, D.C. 20036-2245

Dated this 5th day of August 2008.            /s/ Trevor S. Blake, II
                                                 Trevor S. Blake, II
                                                 *Defendants' Counsel*